2301.sbk

## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SUHAD A. BARAKAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 09 CV 7625 |
| GREY MARTIN and HOME RUN, INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Now come the defendants GREY MARTIN, incorrectly named Greg Martin, and HOME RUN, INC., by and through their counsel, HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS LLC, pursuant to 28 U.S.C. Section 1441, et seq. and Local Rule 81.2 who hereby remove this action from the Circuit Court of Cook County, Illinois to this Court. In support of their Notice of Removal, defendants state as follows:

1. On November 9, 2009, plaintiff, SUHAD BARAKAT, filed her Complaint at Law in the Circuit Court of Cook County, Illinois, Docket No. 09 L 013244. A copy of said Complaint is attached hereto as Exhibit A.

2. Defendant, HOME RUN, INC., was served with Summons on or about November 10, 2009. As of November 23, 2009, defendant, GREY MARTIN, incorrectly named as "GREG MARTIN," was not aware that suit had been filed and had not been served. However, effective the date of this Notice of Removal, GREY MARTIN waived service consistent with the intent of Federal Rule of Civil Procedure 4. Both defendants are represented by the moving law firm, and both defendants join in this Notice of Removal.

3. Based upon information and belief, the plaintiff is a citizen of and domiciled within the State of Illinois. SUHAD BARAKAT, per the Illinois Traffic Crash Report, resides in Shorewood, Illinois; see the Police Report, Exhibit B. Also, based upon information and belief, SUHAD BARAKAT testified under oath on November 10, 2009 that she is currently domiciled in Shorewood, Illinois. See excerpts from the deposition transcript, Exhibit C, Page 7. Based upon information and belief, she is a citizen of the State of Illinois. There is no evidence that she is a citizen or domiciled within the State of Ohio.

4. Defendant GREY MARTIN is a citizen of and domiciled within the State of Ohio. He currently is domiciled at in Spring Valley, Ohio. He is not a citizen of or domiciled within the State of Illinois. See Affidavit of GREY MARTIN, attached as Exhibit D.

5. Defendant, HOME RUN, INC., is a corporate citizen of and domiciled within the State of Ohio. It is not a corporate citizen of or domiciled in the State of Illinois. It has its principle place of business in the State of Ohio at 1299 Lavelle Drive in Xenia, Ohio 45385. Its principle place of business is located at that address. It is incorporated in the State of Ohio. It does not have its principle place of business in Illinois nor is it incorporated in the State of Illinois. See Affidavit of HOME RUN, INC. representative, attached as Exhibit E.

6. All that is required for removal to Federal Court on the diversity of citizenship is a reasonable probability that more than $75,000 is in controversy. See Shaw v. Dow Brands, 994 F.2d 364, 366 N.2 (7th Cir. 1993). The nature of the claim alleged in the Complaint usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See, for example, McCoy v. General Motors Corp., 226 F.Supp.2d 939, 941-42 (N.D. IL 2002), the amount in controversy is generally obvious from a commonsense reading of the Complaint.

7. Here, in Paragraph 6 of the Complaint at Law, plaintiff alleges that she "was injured in body and mind and became sore, lame and disabled and suffered pain and will continue to suffer in the future; further that plaintiff was caused to incur medical bills and expenses in endeavoring to be cured of her said injuries and will incur further such expenses in the future; further, that plaintiff was prevented from returning to her ordinary daily activities and affairs and suffered a disability and/or loss of normal life which she will continue to suffer in the future. See Exhibit A, Paragraph 6.

8. It has also been represented by the plaintiff in complying with the pleading requirements within the State of Illinois, Circuit Court of Cook County, State Court, that he has executed an Affidavit consistent with Supreme Court Rule 222 that the amount of damages sought in the action exceeds $50,000 exclusive of costs and interest. See Affidavit of plaintiff's counsel, Sam Panger, Jr., Exhibit F. Pleading requirements in State Court do not permit pleading an amount equivalent to the federal jurisdictional minimum, however, plaintiff's damages sought clearly exceeds in excess of $50,000.

9. Plaintiff's counsel will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure, or, alternatively, through electronic filing by the Court. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, which will advise the Circuit Court that the matter has been removed to Federal Court. A true and accurate copy of the Notice of Removal has been filed with the District Court for the United States District Court, Northern District of Illinois, Eastern Division.

10. Defendants have timely filed this Notice of Removal.

WHEREFORE, the defendants, GREY MARTIN and HOME RUN, INC., pursuant to 28 USC Section 1441, respectfully request this Honorable Court to remove this action from the Circuit Court of Cook County, Illinois to this Court for further proceedings and, further, for any additional relief that this Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC

/s/ Shimon B. Kahan

Shimon B. Kahan
Alton C. Haynes
Tess L. Dabbah
HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC
Attorney for Defendants
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
312-332-6644