IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Suhad A. Barakat,          )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 09 C 7625
                           )
Grey Martin and Home Run   )
Inc.,                      )
                           )
        Defendants.        )

MEMORANDUM ORDER

Home Run, Inc. ("Home Run") and its driver Grey Martin ("Martin") have filed a Notice of Removal ("Notice") to bring this action here from the Circuit Court of Cook County, calling upon the diversity-of-citizenship branch of federal jurisdiction. Although this Court is contemporaneously issuing its customary initial scheduling order applicable to removed cases, this memorandum order is issued sua sponte to probe further into the jurisdictional issue -- as Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir 2005) (internal citations and quotation marks omitted) teaches:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sue sponte, they must.

Notice ¶¶ 3-5 confirm the existence of the required complete diversity as between Home Run and Martin on the one hand and plaintiff Suhad Barakat ("Barakat") on the other. What instead

appears to require a further look is the question whether the over-$75,000 amount-in-controversy requirement has been satisfied.

On that score Barakat's Complaint, although Illinois law forbids the statement of a precise ad damnum, seeks judgment "in excess of the $30,000 jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois." In addition one of Barakat's lawyers filed a certification in the State Court -- "that to the best of his knowledge, information and belief, the amount of damages sought in this action exceeds $50,000.00 exclusive of interests and costs." Under Ill.S.Ct. Rule 222 that amount is the watershed that separates two different ranges of permissible discovery. Neither of those figures, of course, matches the minimum federal requirement, so that a good faith inquiry into jurisdiction is needed (and is not satisfied by the ipse dixit of counsel for the Home Run and Martin).

In that respect the accident report attached as Notice No. Ex. B discloses that the collision between the tractor-trailer driven by Martin and the Mercedes driven by Barakat was the result of the latter's abrupt slowdown or stop when she belatedly realized that she was in the wrong lane (an I-Pass express lane) as she approached a toll plaza on the I-294 expressway, so that she crossed over two lanes to get into the lane for manual payment of the toll charge -- an action that forced Martin to

brake in an effort to avoid a collision.  When the tractor-trailer nevertheless rear-ended Barakat's vehicle, the accident report reflects that she "suffered from neck pain and was transported to Resurrection Hospital."

Unsurprisingly, the lawyer who drafted Barakat's Complaint repeated the conventional formulaic language that, having ascribed the collision to Martin's asserted negligence, went on to say that Barakat "was injured in body and mind and become sore, lame and disabled and suffered pain and anguish and will continue to so suffer in the future."  But that selfsame formbook language is found in complaints that range all the way from the effects of a minor fender bender to a direct hit where one driver has crossed the "T" of the other -- it doesn't necessarily connote the existence of an over - $75,000 amount.

Accordingly something more is needed to answer the threshold jurisdictional question.  It is expected that at the next status hearing counsel for the parties will be able to provide additional input, perhaps from Barakat's November 10, 2009 deposition (the only portion of which that was provided as Notice Ex. C was page 7, where she simply identified her address).

_____
Milton I. Shadur
Senior United States District Judge

Date:December 10, 2009