IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUHAD A. BARAKAT,          )
                           )
         Plaintiff,        )
                           )
    v.                     )    No.  09 C 7625
                           )
GREY MARTIN, et al.,       )
                           )
         Defendants.       )

MEMORANDUM ORDER

For the reason stated in this Court's December 10 memorandum order, it is uncertain whether this just-removed case will stay in this District Court or must instead be remanded to the Circuit Court of Cook County.  But because later in the day this Court received the judge's copy of defendants' Answer to the Complaint, and because the flaws in that responsive pleading ought to be corrected no matter which court ends up with the case, this memorandum order is issued sua sponte to identify the problematic aspects of the Answer.

To begin with, defendants' Answer ¶2 cannot in good conscience respond with anything other than a flat-out admission of the straightforward allegations in Complaint ¶2.  Yet defense counsel inexplicably hedges the response, including a motion to strike some allegations "as vague" but still denying those allegations.  Federal pleading is supposed to be a means of setting out which matters are and are not in issue, and Answer ¶2 obfuscates matters instead.  It is stricken, but with leave to

replead.

Next, Answer ¶3 fails to meet the notice pleading requirements that apply to defendants as well as plaintiffs in the federal system. Counsel must comply with Fed. R. Civ. P. 8(b)(1)(B), rather than requiring plaintiff's counsel and this Court to guess as to "those duties imposed under the laws of the State of Illinois" and as to what defense counsel believes are "any allegations inconsistent therewith." Answer ¶3 is also stricken, once again with leave granted to replead.

Finally, Answer ¶¶7 and 8 move to strike certain Complaint allegations because they are purportedly legal conclusions. Even if that were so, it would not be a basis for such an order--see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). But in any event those paragraphs go on to admit the corresponding Complaint allegations "[t]o the extent they are confirmed factual by the Court" or "[t]o the extent that employment is considered a factual and not legal issue by the Court." Because all of the status allegations in question are indeed factual in nature (though they do apply legal concepts), the admissions will stand and the motions to strike are rejected.

                                     _____
                                     Milton I. Shadur
                                     Senior United States District Judge

Date: December 11, 2009